UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EL'DIVINE STARKIM ALLAH-EL,

                        Plaintiff,

        -v.-

COLUMBIA UNIVERSITY, et al.,

                        Defendants.

25 Civ. 8101 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

On September 30, 2025, Plaintiff filed this action alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (1964).  ECF No. 1.  Previously, Plaintiff brought the same case in the Eastern District of New York.  *Allah-El v. Columbia University, et al*., No. 25 Civ. 3537 (E.D.N.Y. June 25, 2025) (*Allah I*).  On July 23, 2025, the Eastern District transferred the action to this District after Plaintiff failed to respond to an order to show cause.  *Allah I*, July 9, 2025 Order.  The case was then assigned to the Honorable Denise L. Cote.  *Allah-El v. Columbia University, et al*., No. 25 Civ. 6129 (S.D.N.Y. July 23, 2025) (*Allah II*).

On August 28, 2025, Judge Cote issued an Order directing Plaintiff's counsel, Adebukola Ogunsanya, to appear on September 10, 2025 "to explain why she should not be sanctioned" for (1) failing to obtain summonses before filing "affidavits that appear[ed] to reflect completion of service, including service of the summons[es]," *Allah II*, ECF No. 12 at 1; (2) making four submissions requesting default judgment that were "incomprehensible," contained "numerous errors" and "an entire conversation between plaintiff's counsel and ChatGPT," and "clear[ly] . . . w[ere] drafted by ChatGPT," *id.* at 2; and (3) appearing despite "not [being] admitted to practice in this Court" and not having "filed a motion to appear *pro hac vice*," *id.*  After hearing from Ms. Ogunsanya at the September 10 conference, *see Allah II*, ECF No. 18, Judge Cote observed that

"there [were] layers of problems" in Ms. Ogunsanya's "representation of [her] client,", *id.* at 11:19-20, and that, in general, her submissions were "very difficult to decipher." *Id.* at 14:6-7. Judge Cote afforded Ms. Ogunsanya the opportunity "to start all over again," *id.* at 14:9, dismissing the action without prejudice following the conference. *Allah II*, ECF No. 17.  The dismissal Order directed that, "should this action be refiled," counsel "sh[ould] immediately bring th[e] transcript [of the September 10, 2025 conference] to the attention of the presiding judge by submitting it on the docket of the refiled action." *Id.*

On September 30, 2025, Plaintiff refiled his case.  ECF No. 1.  In violation of Judge Cote's Order, Ms. Ogunsanya did not "immediately" (or ever) "bring th[e] transcript" of the September 10, 2025 conference to this Court's attention.  *Allah II*, ECF No. 17.  Instead, the Court became aware of Judge Cote's Order and the issues addressed at the September 10, 2025 conference through correspondence from counsel for Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied Universal Security") dated November 19, 2025.  *See* ECF No. 20.  Moreover, despite Ms. Ogunsanya having confirmed to Judge Cote that she had "made an effort to learn how to get a summons issued by the Clerk of Court," including by reviewing the video on the Court's website about how to obtain a summons, *Allah II*, ECF No. 18 at 6:21-22; 7:15-20, Ms. Ogunsanya made eleven deficient summons requests in the instant action, ECF Nos. 2, 4-13; *see also* ECF Nos. 15, 17 (summonses issued for each Defendant).  Finally, notwithstanding Judge Cote's warning that Ms. Ogunsanya was not admitted to practice in this Court, *Allah II*, ECF No. 18 at 11:21-22, the civil cover sheet for the instant matter again reflects that Ms. Ogunsanya is not admitted to practice in this District.  ECF No. 3 at 2.  Nor has she filed any *pro hac vice* motion.

By **December 16, 2025**, Ms. Ogunsanya shall file a letter explaining why she failed to comply with (1) Judge Cote's September 10, 2025 Order to "immediately bring th[e] transcript

2

[of the September 10, 2025 conference] to the attention of the presiding judge," *Allah II*, ECF No. 17, as well as (2) Judge Cote's admonitions at the September 10 conference regarding not being "admitted to this court" and not having "fil[ed] an application to appear pro hac vice." *Allah II*, ECF No. 18 at 11:21-22.

Ms. Ogunsanya is on notice that failure to abide by Court orders may result in sanctions, including dismissal for failure to prosecute. *See Bonda Indus. (HK) Co. v. Talbot Grp., LLC*, No. 08 CIV.5507 (PKL), 2009 WL 159267, at *3 (S.D.N.Y. Jan. 22, 2009) ("Federal Rule of Civil Procedure 41(b) allows a district court to dismiss an action if a plaintiff fails to prosecute the case or fails to comply with orders of that court," and "it is well established that a client is bound by the actions of his counsel."); *Macolor v. Libran, et al.*, No. 14 Civ. 4555, ECF No. 28 (S.D.N.Y. October 21, 2014) ("Sanctions are an appropriate response where counsel disregards a clear and unambiguous court order."). Ms. Ogunsanya is also notified that the Court may deny any motion to appear *pro hac vice*. *See Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 486 (S.D.N.Y. 1996) (denying *pro hac vice* motion where attorney was found not to be "competent to practice before this Court"); *Allah II*, ECF No. 12 at 4.

SO ORDERED.

Dated: December 9, 2025
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

3