UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EL'DIVINE STARKIM ALLAH-EL,<br><br>                      Plaintiff,<br><br>-v.-<br><br>COLUMBIA UNIVERSITY, et al.,<br><br>                      Defendants. | 25 Civ. 8101 (JHR)<br><br>MEMORANDUM OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

      Adebukola Ogunsanya moves for admission *pro hac vice* to represent Plaintiff El'Divine Starkim Allah-El in this action. ECF No. 58. For the following reasons, the motion is DENIED.

## **BACKGROUND**

      As set forth in the Court's December 9, 2025 Order, ECF No, 34, Plaintiff initially filed this action for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (1964), in the Eastern District of New York on June 25, 2025. *Allah-El v. Columbia University, et al.*, No. 25 Civ. 3537 (E.D.N.Y. June 25, 2025) (*Allah I*). On July 23, 2025, the Eastern District transferred the case to this District after Plaintiff failed to respond to an order to show cause why venue was not proper in the Southern District of New York. *Id.*, July 23, 2025 Order.

      On July 25, 2025, the case was assigned to the Honorable Denise L. Cote. *Allah-El v. Columbia University, et al.*, No. 25 Civ. 6129 (S.D.N.Y. July 23, 2025) (*Allah II*). On August 28, 2025, Judge Cote issued an Order directing Plaintiff's counsel, Ms. Ogunsanya, to appear on September 10, 2025 "to explain why she should not be sanctioned" for (1) failing to obtain summonses before filing "affidavits that appear[ed] to reflect completion of service, including service of the summons[es]," *Allah II*, ECF No. 12 at 1; (2) filing four requests for default judgment that were "incomprehensible," contained "numerous errors" and "an entire conversation between plaintiff's counsel and ChatGPT," and "clear[ly] . . . w[ere] drafted by

ChatGPT," *id.* at 2; and (3) appearing despite "not [being] admitted to practice in this Court" and not having "filed a motion to appear *pro hac vice*," *id.* After hearing from Ms. Ogunsanya at the September 10 conference, *see generally Allah II*, ECF No. 18, Judge Cote dismissed the action without prejudice. *Allah II*, ECF No. 17. The dismissal Order directed that, "should this action be refiled," counsel "sh[ould] immediately bring th[e] transcript [of the September 10, 2025 conference] to the attention of the presiding judge by submitting it on the docket of the refiled action." *Id.*

On September 30, 2025, Plaintiff refiled this case, which was assigned to this Court. ECF No. 1. In violation of Judge Cote's Order, Ms. Ogunsanya did not "immediately bring th[e] transcript" of the September 10, 2025 conference to this Court's attention. *Allah II*, ECF No. 17. The Court only became aware of Judge Cote's Order and the issues addressed at the September 10, 2025 conference through correspondence from Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied Universal Security") dated November 19, 2025. *See* ECF No. 20.

Moreover, although Ms. Ogunsanya confirmed to Judge Cote that she had "ma[de] an effort to learn how to get a summons issued by the Clerk of Court," including by reviewing the video on the Court's website about how to obtain a summons, *Allah II*, ECF No. 18 at 6:21-23, 7:15-17, Ms. Ogunsanya made eleven deficient summons requests in the instant action before summonses were issued, *see* ECF Nos. 2, 4-13; ECF Nos. 15, 17 (summonses issued for each Defendant).

In addition, despite Judge Cote's warning before dismissing *Allah II* that Ms. Ogunsanya was not admitted to practice in this Court, *Allah II*, ECF No. 18 at 11:21-22, the civil cover sheet for the instant matter again reflected that Ms. Ogunsanya was not admitted to practice in this District. ECF No. 3 at 2.

On December 9, 2025, the Court directed Ms. Ogunsanya to file, by December 16, 2025, a letter "explaining why she had failed to comply with (1) Judge Cote's September 10, 2025 Order to 'immediately bring the transcript of the September 10, 2025 conference to the attention of the presiding judge,' as well as (2) Judge Cote's admonitions at the September 10 conference regarding not being 'admitted to this court' and not having 'filed an application to appear *pro hac vice*.'" ECF No. 34 (cleaned up).  The December 9, 2025 Order also warned that "failure to abide by Court orders [could] result in sanctions, including dismissal for failure to prosecute," and that "the Court [could] deny any motion to appear *pro hac vice*." *Id.* at 3.

On December 12, 2025, Ms. Ogunsanya filed a letter "acknowledg[ing] that [she] did not file that transcript as a separate docket entry at the time of refiling the complaint" and "the Courts [*sic*] concern regarding [her] admission status." ECF No. 35.  Ms. Ogunsanya further stated that she had "prepared [her] *pro hac vice* application and w[ould] file it forthwith." *Id.* (cleaned up).  Over the next few weeks, however, Ms. Ogunsanya did not file any *pro hac vice* application.

On January 6, 2026, the Court ordered Ms. Ogunsanya to file, by January 9, 2026, "her *pro hac vice* application and a letter explaining her failure to do so earlier." ECF No. 43. Additionally, the Court again warned that "failure to abide by Court orders [could] result in sanctions, including dismissal for failure to prosecute." *Id*.  Ms. Ogunsanya did not file her *pro hac vice* application or the requisite letter by January 9, 2026.

Instead, on January 12, 2026, Ms. Ogunsanya filed a deficient motion for *pro hac vice* admission that was rejected by the Clerk of Court for failing to include, as required by Local Rule 1.3(c), a certificate of good standing from New Jersey.  ECF No. 44.  In lieu of correcting that flaw, though, on January 14, 2026, Ms. Ogunsanya refiled the same application with the same defect.  ECF No. 45.  In the meantime, Defendants moved to dismiss the Complaint.

ECF Nos. 46, 49.  Notwithstanding that Ms. Ogunsanya is not admitted to this Court, she filed an opposition to Defendants' motions on January 23, 2026.  ECF No. 55.

On January 27, 2026, Ms. Ogunsanya filed another motion to appear *pro hac vice*.  Although this third motion includes the certificate of good standing from New Jersey, ECF No. 58, it is rife with typographical errors.  *See e.g.*, ECF No. 58 at 1 ("I am not *subjectof* any disciplinary order imposing *pinlic* discipline.") (emphasis added); 2 ("I submit herewith the required Affidavit of Support of Admission Pro Hac Vice *slong* with the Certificate of Good Standing from each *jurisdiccttion* in which *i* am admitted.") (emphasis added).[1]

On January 30, 2026, Defendants filed replies in further support of their motions to dismiss.  ECF Nos. 59, 61.  On February 4, 2026, without first seeking permission from the Court, Ms. Ogunsanya filed what appeared to be a sur-reply—a "Supplemental Brief in Opposition to Defendants' Motion to Dismiss."  ECF No. 62.  Defendant Columbia University requested that the Court "disregard" the submission as "improper."  ECF No. 63.  On February 5, 2026, Ms. Ogunsanya acknowledged that that this was a "procedural oversight" and asked the Court to "accept the sur-reply."  ECF No. 64.

## **LEGAL STANDARD**

"Admission *pro hac vice* is not a right but a privilege, the granting of which rests in the sound discretion of the presiding judge."  *United States v. Gutierrez*, No. 94 Cr. 565 (LAK), 1994 WL 593773, at *2 (S.D.N.Y. Oct. 28, 1994) (internal citations and quotation omitted) (denying *pro hac vice* application where counsel's "ignor[ing] [of] scheduling orders" and "habitual lateness" "evidenced a cavalier disregard for the Court").  To "admit an attorney to practice *pro hac vice,* this Court must have some reasonable assurance that such attorney is

---

[1] The motion also states that there "are pending disciplinary proceedings" against Ms. Ogunsanya arising from her "former employment with Mescall & Prospection Group."  *Id.*  Ms. Ogunsanya "resigned from that employment immediatl [*sic*] upon learning of the owner's conduct."  *Id.*

familiar with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, this Court's Individual Rules, and the customs and practices of this Court." *Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 485–86 (S.D.N.Y. 1996) (denying *pro hac vice* application after "plaintiffs' counsel [] twice represented to this Court in writing that they [we]re familiar with practice before this Court, [but] their actions [] twice demonstrated that they lacked even a basic understanding of how to proceed before this Court"); *Ascento Cap., LLC v. Filipiak*, No. 24 Civ. 6392 (AT) (GS), 2024 WL 4536667, at *2 (S.D.N.Y. Sept. 30, 2024) ("Attorneys who do not instill confidence that their representations may be relied upon do not merit the privilege of appearing *pro hac vice* before the Court."). "Although *pro hac vice* admissions are routinely granted, the Court's decision to do so is not simply a *pro forma* exercise, and there are occasions where such applications have been denied." *Ascento*, 2024 WL 4536667, at *2 (quoting *Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 3 Civ. 3120 (KMW) (THK), 2003 WL 22339357, at *3 (S.D.N.Y. Oct. 14, 2003) (collecting cases)) (denying *pro hac vice* application). *Ascento*, 2024 WL 4536667, at *2.

## DISCUSSION

Through this proceeding, Ms. Ogunsanya's actions have "demonstrated that [she] lack[s] even a basic understanding of how to proceed before this Court." *Erbacci*, 923 F. Supp. at 486. For starters, Ms. Ogunsanya violated Judge Cote's Order to "immediately bring [] [] to the attention of" this Court, *Allah II*, ECF No. 17, the transcript of the September 10, 2025 conference in *Allah II*. *See supra* at 2. Next, Ms. Ogunsanya was cautioned not only by Judge Cote but also by this Court about properly obtaining summonses and filing a *pro hac vice* application. *Allah II* at ECF No. 18; ECF No. 34 at 3. "[N]otwithstanding Judge Cote's warning," Ms. Ogunsanya "made eleven deficient summons requests" in this action before summonses were issued. ECF No. 34 at 3; *see* ECF Nos. 15, 17 (summonses issued for each

5

Defendant). Additionally, "the civil cover sheet for the instant matter again reflect[ed] that Ms. Ogunsanya is not admitted to practice in this District." *Id.* Nevertheless, Ms. Ogunsanya failed to promptly file an application to appear *pro hac vice* or explain her failure to do so. *See supra* at 3. When Ms. Ogunsanya finally moved for admission, nearly three and a half months after the case was filed and one month after being ordered to do so, she filed not one, but two "flawed application[s] for admission *pro hac vice*," *Erbacci*, 923 F. Supp. at 486, by failing to include a certificate of good standing for New Jersey as required by Local Rule 1.3. *See* ECF Nos. 44, 45. Ms. Ogunsanya also violated the Court's Individual Rule 5(B) by filing a sur-reply without leave of Court. *See* ECF Nos. 62, 64.

Ms. Ogunsanya "has not shown that [s]he deserves the privilege of practicing in this Court." *Ptak Bros. Jewelry v. Ptak*, No. 6 Civ.13732 (DLC), 2009 WL 807725, at *10 (S.D.N.Y. Mar. 30, 2009) (denying *pro hac vice* application). Her repeated errors "make[] it abundantly clear that [she] [] has failed to familiarize h[er]self with [the District's Local Civil Rules and this Court's Individual Rules] despite the Court's [numerous] directive[s] to do so." *Arafat, et al. v. United States Citizenship and Immigration Services*, No. 25 Civ. 4719 (DLI) (E.D.N.Y. Aug. 28, 2025) (denying *pro hac vice* motion in light of a "number of deficiencies with the motion," including "failure to include a certificate of good standing from the court for each state in which the counsel is a member of the bar" and formatting issues with the filing).

The Court does not "lightly interfere with [Plaintiff's] choice of [Ms. Ogunsanya] as his counsel." *Gutierrez*, 1994 WL 593773, at *3. But Plaintiff "does not have an unfettered right to [choose] counsel who is not admitted to practice in this Court," especially where "his choice

6

threatens harm not only to his own interests, but to the independent public interest in the efficient administration of justice."[2]  *Id.*

## CONCLUSION

"Although it is unusual to deny an application for admission *pro hac vice* with prejudice, this Court finds that such a denial is appropriate in the instant case." *Erbacci*, 923 F. Supp. at 486.  "The interests of judicial economy militate against permitting attorneys" such as Ms. Ogunsanya "who are not competent to practice before this Court to appear *pro hac vice*." *Id*. Accordingly, Ms. Ogunsanya's motion to appear *pro hac vice* is denied with prejudice.  *Id.*

By **March 13, 2026**, "Plaintiff is directed to retain qualified counsel who shall file a notice of appearance (or submit a *pro hac vice* motion)," *Ascento*, No. 24 Civ. 6392, at *4, or file a letter with the Court stating that he intends to proceed *pro se*.

The Clerk of Court is directed to terminate ECF No. 58.

SO ORDERED.

Dated: February 13, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge

---

[2] The Court also notes that Ms. Ogunsanya "may" have "violate[d] New York State's prohibition against the unauthorized practice of law" in filing an opposition to Defendants' motions to dismiss "without being admitted to practice before this Court."  *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, *AFL-CIO*, No. 88 Civ. 4486 (DNE), 1996 WL 383237, at *4 (S.D.N.Y. July 8, 1996) (denying applications to appear *pro hac vice* because "submitting memoranda or letters to the Court constitutes the practice of law" and counsel "ha[d] each practiced before this Court in the instant case without first seeking admission *pro hac vice*").