Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 22, 2026

<div style="float:right">

Rachel S. Fischer
Senior Counsel

d +1.212.969.5076
f 212.969.2900
rfischer@proskauer.com
www.proskauer.com

</div>

Hon. Barbara Moses
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *El Divine Starkim Allah-El v. Allied Universal Services and Columbia University*,
              <u>Civil Case No. 1:25-cv-08101-JHR</u>

Dear Judge Moses,

This firm represents Defendant The Trustees of Columbia University in the City of New York ("Columbia") in the above-referenced case. We write in accordance with the Court's April 15, 2026 Order directing Defendants to "advise the Court in writing whether they consent to the filing of the Second Amended Complaint[.]" ("SAC") (Dkt. 73).

Columbia does not consent to the filing of the SAC because the amendment would be futile, as Plaintiff's SAC would not withstand a motion to dismiss. *Vt. Country Foods, Inc. v. So-Pak-Co., Inc.*, 170 F. App'x 756, 759 (2d Cir. 2006). The causes of action listed in the SAC are time-barred, and Plaintiff fails to plead any facts to sustain his claims.

### A.    The Amendment Would Be Futile Because The Claims In the SAC Are Time-Barred.

The new claims that Plaintiff seeks to assert are time-barred. "Courts may deny a motion to amend where the proposed claims would be time-barred and therefore futile." *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 68 (E.D.N.Y. 2015). *See also Keitt v. New York City*, 882 F. Supp. 2d 412, 426 (S.D.N.Y. 2011) (denying *pro se* plaintiff leave to amend where plaintiff's claims were "time-barred and thus an amendment with respect to those claims would be futile"); *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 566-67 (E.D.N.Y. 2020) (denying *pro se* plaintiff leave to amend where several new proposed claims were time-barred).

As alleged in Plaintiff's first amended complaint, his last contact with Columbia occurred when he interviewed with Columbia on August 5, 2021. (Dkt. 39-1 at 8.) The statutes under which Plaintiff is now attempting to assert claims against Columbia all involve statutes of limitations of 300 days to 4 years. *See* 42 U.S.C. §§ 2000e-5(e)(1), (f)(1) (300 day statute of limitations for Title VII claims)[1]; 29 U.S.C. § 626(d)(1)(B) (300 day statute of limitations for ADEA claims); 29 U.S.C. § 2617(c)(2) (3-year statute of limitations under the FMLA); N.Y.C. Admin. Code § 8-502(d) (3-year statute of limitations for NYCHRL claims); 42 U.S.C. § 2000e-

---

[1] Plaintiff previously asserted a Title VII claim based on purported religious discrimination. As set forth in Columbia's motion to dismiss the FAC, Plaintiff's religious discrimination claim is also time-barred because Plaintiff asserted it over 90 days after receiving his notice of right to sue from the EEOC. (Dkt. 47 at 10-14.)

Proskauer»

Hon. Barbara Moses
April 22, 2026
Page 2

5(e)(1) (300-day statute of limitations for ADA claims); 28 U.S.C. § 1658(a) (4-year statute of limitations for § 1981 race discrimination claims).  Because Plaintiff does not allege any discriminatory conduct by Columbia during the applicable statutory periods, his new claims are unquestionably time-barred.

Additionally, it does not appear that Plaintiff exhausted his administrative remedies with respect to his newly asserted claims under Title VII (race discrimination), the ADA, and the ADEA—and it is far too late for him to do so now.  Plaintiffs seeking to bring such claims must first exhaust their administrative remedies by filing a charge of discrimination in the Equal Employment Opportunity Commission within the statutory period as a precondition to asserting these claims in federal court.  *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d)(1).  While Plaintiff previously filed a complaint in the New York State Division of Human Rights asserting religious discrimination under the New York State Human Rights Law, which was cross-filed in the EEOC (Dkt. 48-1), he did not separately file a charge of discrimination in the EEOC (or NYSDHR) asserting race, disability, or age discrimination.  Plaintiff's failure to exhaust his administrative remedies is another reason why his amendment would be futile.  *See, e.g.*, *Malcolm v. Rochester City Sch. Dist.*, 388 F. Supp. 3d 257, 265 (W.D.N.Y. 2019), *aff'd*, 828 F. App'x 810 (2d Cir. 2020) (denying *pro se* plaintiff leave to amend where additional factual contentions failed to indicate that plaintiff had exhausted her administrative remedies).

**B.      Plaintiff's Bare-Bones SAC Is Deficient Because It Lacks Any Purported Factual Bases For Plaintiff's Claims.**

The SAC is deficient on its face because Plaintiff has failed to provide any factual support whatsoever for his claims.  In the SAC, Plaintiff merely checked the boxes provided and did not assert any factual allegations on the complaint form.  (Dkt. 71 at 5.)  To survive a motion to dismiss under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Generally, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Starr v. Sony BMG Music Ent.*, 592 F.3d 314, 321 (2d Cir. 2010) (citing *Twombly*, 550 U.S. at 555).  Plaintiff should not be granted leave to amend because he merely listed causes of action without actually asserting any factual allegations, which is required in order to state a claim.  *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (denying *pro se* plaintiff leave to amend where "amendment would be futile" and "[t]he new allegations plaintiff wished to assert. . . are merely conclusory.").  Plaintiff's SAC would therefore be subject to dismissal due to his failure to plead *any* facts on which his claims are purportedly based.



Hon. Barbara Moses
April 22, 2026
Page 3

*      *      *

For these reasons, Columbia does not consent to the filing of the SAC.  Columbia reserves the right to raise these and any additional bases for dismissal if further briefing is required.

Respectfully submitted,

*/s/ Rachel S. Fischer*

Rachel S. Fischer

cc:      El Divine Starkim Allah-El (*via* ECF (*see* Dkt. 69) and email)