

**MARTENSON
HASBROUCK
& SIMON LLP**

**Evan S. Weiss**
Attorney at Law
DD (332) 345-2475
eweiss@martensonlaw.com

April 22, 2026

<u>**Via ECF:**</u>
The Honorable Barbara Moses
U.S. District Court, Southern District of New York

   *Re:*   <u>*El Divine Starkim Allah-El  v. Allied Universal, et al.*</u>, Case No. 1:25-cv-8101

Judge Moses:

  This firm represents Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied Universal") in the above-referenced action. We are submitting this letter in response to the Court's April 15, 2026 Order. [Doc. 73.] In the April 15 Order, the Court requested that Allied Universal advise the Court whether (a) it would consent to Plaintiff's filing of the Second Amended Complaint; and (b) whether Allied Universal would like to rest on its previous motion to dismiss or file a new response to the Second Amended Complaint. For reasons discussed in this Letter, Allied Universal believes that the Second Amended Complaint fails to state a claim and therefore declines to consent to the Second Amended Complaint because the amendment is futile. Further, while Allied Universal's Motion to Dismiss the Amended Complaint addresses many of the reasons that Plaintiff's Second Amendment Complaint is futile, Plaintiff attempts to raise new claims, and therefore Allied Universal believes that additional briefing will be required.

  For purposes of this Letter, Allied Universal presumes that the Court is aware of the procedural history of this case. Directly relevant to this letter, Plaintiff, through counsel, filed a Complaint in this case on September 30, 2025. [Doc. 1.] Following motions to dismiss, Plaintiff filed a First Amended Complaint on December 26, 2025. [Doc. 39.] Allied Universal moved to dismiss the First Amended Complaint in full on January 16, 2026. [Doc. 50.]

  On April 13, Plaintiff, now proceeding *pro se*, filed a Second Amended Complaint. [Doc. 71.] The Second Amended Complaint contains no factual allegations. The Second Amended Complaint seeks to assert claims: (1) under Title VII, for race and religious discrimination; (2) under 42 U.S.C. § 1981, for race discrimination; (3) under the Age Discrimination in Employment Act; (4) under the FMLA; (5) under the New York State Human Rights Law (NYSHRL); and (6) under the New York City Human Rights Law (NYCHRL). [*Id.*]

  The Second Circuit has held, consistent with the language of Fed. R. Civ. P. 15(a)(2), that leave to amend should be "freely given," particularly where the Plaintiff is *pro se*. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). However, the Court has also held that leave to amend may be denied where the amendment "would be futile." *Id.* (quotation omitted). An amendment is futile where it would not withstand a motion to dismiss. *See Carroll v. Trump*, 590 F. Supp. 3d 575, 578 (S.D.N.Y. 2022). The legal standard for evaluating whether leave to amend should be denied based

Hon. Barbara Moses
April 22, 2026
Page 2

on futility is the same standard applied in deciding whether to dismiss a cause of action for failure to state a claim. *See id.* at 579.

Here, Allied Universal declines to consent to the Second Amended Complaint and respectfully requests that the Court not grant leave to file the Second Amended Complaint because, as drafted, the Second Amended Complaint is subject to dismissal for failure to state a claim. The reasons why Plaintiff's proposed amendment is futile are largely discussed in full in Allied Universal's Motion to Dismiss the First Amended Complaint.

Specifically, Plaintiff's Title VII claim is time barred because he failed to file the lawsuit within 90 days of a right-to-sue notice being issued. [*See* Doc. 50 at 9-13.] In the Second Amended Complaint, Plaintiff asserts that the right-to-sue notice was issued on April 24, 2025 and May 20, 2026. [Doc. 71 at 6.] May 20, 2026 is in the future, and the Complaint and First Amended Complaint make clear that the right-to-sue notice was issued in 2022, not on April 24, 2025. Nevertheless, even if the right-to-sue notice were issued in April 2025, the Complaint in this case was not filed until September 30, 2025, which is more than 90 days after the April 24 date. [*See* Doc. 50 at 12-13.] Accordingly, Plaintiff's Title VII claim is untimely and futile.

Allied Universal's Motion to Dismiss the First Amended Complaint also fully explains why Plaintiff's NYSHRL claim is futile. [Doc. 50 at 13-14.] As Plaintiff previously fully litigated a claim under the NYSHRL with the state's Division of Human Rights, this Court lacks jurisdiction to hear the NYSHRL claim under New York's election-of-remedies doctrine. [*Id.*] The Motion to Dismiss the First Amended Complaint also explains that Plaintiff's asserted FMLA claim would be untimely, and therefore an FMLA claim in any amendment would be futile. [*Id.* at 18.]

Plaintiff's Second Amendment Complaint also contains claims under the ADEA, the NYCHRL, and 42 U.S.C. § 1981, none of which were asserted in the First Amended Complaint. Each such claim is futile. Plaintiff's ADEA claim would be untimely and subject to dismissal for the same reason as his Title VII claim.[1] *See Dickens v. Hudson Sheraton Corp.*, 167 F. Supp. 3d 499, 514-15 (S.D.N.Y. 2016) (explaining that an ADEA claim is subject to the same 90-day filing requirement as a Title VII claim). Plaintiff's NYCHRL claim is subject to dismissal because the NYCHRL has a three-year statute of limitations, and, while the Second Amended Complaint alleges zero facts, the original September 30, 2025 filing date of the Complaint in this action is more than three years after any of the factual allegations that have been made in this case. *See Bermudez v. City of N.Y.*, 783 F. Supp. 2d 560, 573-74 (S.D.N.Y. 2011) (applying a three-year statute of limitations to the NYCHRL).

Plaintiff's asserted Section 1981 race discrimination claim is subject to a four-year statute of limitations. *See Allen v. N.Y.C. Dep't of Environmental Protection*, 51 F. Supp. 3d 504, 511 (S.D.N.Y. 2014). Accordingly, as this lawsuit was filed on September 30, 2025, a Section 1981

---

[1] It also appears that Plaintiff failed to properly exhaust any ADEA claim. Allied Universal is not conceding that an ADEA claim was properly exhausted, but, even assuming it was, the claim here would be untimely.

Hon. Barbara Moses
April 22, 2026
Page 3

claim, at most, could only be timely for events that occurred on or after September 30, 2021. Per the First Amended Complaint, Plaintiff alleges that he was fired on September 2, 2021, [Doc. 39-1 at 8], making any Section 1981 claim regarding Plaintiff's termination or treatment while he was employed untimely. Plaintiff's post-termination allegations all concern his efforts to obtain a religious exemption, [Doc. 39-1 at 8-12], and there is therefore no plausible basis for a Section 1981 claim based on any event that occurred after September 2021. *See Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998) (explaining that it was well settled that Section 1981 does not prohibit discrimination on the basis of religion). Accordingly, Plaintiff's Section 1981 claim is also subject to dismissal for being untimely.

For the reasons discussed herein, Allied Universal does not consent to the filing of the Second Amended Complaint. While Allied Universal is willing to rely on its previously filed briefing, it will need to supplement its briefing to address the claims asserted in the Second Amended Complaint that were not previously raised in this lawsuit. In any such briefing, Allied Universal intends to raise the issues discussed herein, potentially along with additional bases for dismissal if briefing is required.

Sincerely,

**MARTENSON, HASBROUCK & SIMON LLP**

Evan S. Weiss

Cc:    All counsel of record and Plaintiff, via ECF
       Plaintiff, via email at starkimeldivine@gmail.com