USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 7/6/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EL' DIVINE STARKIM ALLAH-EL,

Plaintiff,

-against-

ALLIED UNIVERSAL SECURITY, et al.,

Defendants.

25-CV-8101 (JHR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, the Court will permit plaintiff to file a Second Amended Complaint.

**<u>Plaintiff's First Federal Action</u>**

This is the second federal action filed by plaintiff El' Divine Starkim Allah-El against Allied Universal Security (AUS) and Columbia University (Columbia). On July 25, 2025, acting through attorney Adebukola Ogunsanya, plaintiff filed a Complaint for Damages in the Eastern District of New York, alleging that he was prevented from completing a job interview with Columbia on August 5, 2021, and lost his existing job with AUS as a campus security guard/shuttle driver on September 9, 2021, in both cases because he refused to be vaccinated against COVID. *See* Complaint (Dkt. 1) ¶¶ 8-10, 29-30, *Allah-El v. Allied Universal Services*, No. 25-CV-3537 (E.D.N.Y. June 25, 2025) (EDNY Compl.). Plaintiff asserted claims for religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as well as a state law claim for "infliction of emotional distress." *Id.* ¶¶ 48-70.

Under Title VII, it is unlawful for a covered employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The statute requires, as a

precondition to bringing suit, that a plaintiff file an administrative employment discrimination claim with the Equal Employment Opportunity Commission (EEOC) or a state or local fair employment practices agency. *See* 42 U.S.C. § 2000e-5(e)(1); *Cetina v. Longworth*, 583 F. App'x 1, 2 (2d Cir. 2014) (summary order). Thereafter, the plaintiff must bring suit within 90 days after receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994). Because Title VII's time limits are "analogous to a statute of limitations," *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996), failure to bring suit within the prescribed 90-day period, if apparent from the face of the complaint or its attachments, is "grounds for dismissal." *McFarland v. Metro-North Commuter R.R.*, 993 F. Supp. 210, 211 (S.D.N.Y. 1998) (collecting cases); *accord Jean-Louis v. Fountain House*, 2023 WL 10674544, at *5 (S.D.N.Y. Nov. 15, 2023) (recommending dismissal of pro se Title VII claims alleging religious discrimination because plaintiff filed her federal lawsuit 11 days too late), *adopted,* 2024 WL 1175374 (S.D.N.Y. Mar. 19, 2024); *Allah-El v. Long Island Coll. Hosp.*, 577 F. Supp. 2d 664, 665 (S.D.N.Y. 2008) (dismissing plaintiff's Title VII suit against a previous employer because it was filed seven days too late).

In his Eastern District pleading, plaintiff acknowledged that the EEOC issued right-to-sue letters as to both defendants in October 2022 – two years and nine months before he filed his first federal lawsuit. *See* EDNY Compl. ¶ 2. He alleged, however, that he did not receive those right-to-sue letters, due to "[e]xtraordinary circumstances beyond [his] control" (including illness, homelessness, and "the unfortunate experience of hiring counsel . . . who turned out to be unlicensed and [was] indicted by the Manhattan D.A. office"), until April 23 and May 20, 2025, when they were emailed to him as a result of FOIA requests. *Id.* ¶¶ 2-3. On this basis, plaintiff

asserted that his claims should be deemed "timely under the doctrine of equitable tolling." *Id.* ¶ 3(d).

On July 25, 2025, plaintiff's lawsuit was transferred to this District, because venue was improper in the Eastern District, and assigned to the Hon. Denise L. Cote, United States District Judge. On September 10, 2025, Judge Cote dismissed the case as a sanction for substantial misconduct by attorney Ogunsanya, who (among other things): (i) appeared as plaintiff's counsel of record without having been admitted to practice in this District and without seeking admission *pro hac vice*, *see* 9/10/25 Tr. (Dkt. 18) at 11, 13-14, *Allah-El v. Allied Universal Services*, No. 25-CV-06129-DLC (S.D.N.Y. Oct. 28, 2025); and (ii) filed affidavits attesting that both defendants were served with process, and moved for the entry of a default judgment against them, without ever obtaining (or serving) signed summonses from the Clerk of Court. *See id.* at 5-11, 13-14. Although the dismissal was without prejudice, Judge Cote ordered plaintiff to submit the transcript of the September 10, 2025 hearing to the presiding judge in any refiled action. *Id.* at 14; *see also* 9/10/25 Order (Dkt. 17), *Allah-El v. Allied Universal Services*, No. 25-CV-06129-DLC (S.D.N.Y. Sept. 10, 2025).

**<u>This Action</u>**

On September 30, 2025 – substantially more than 90 days he received both right-to-sue notices – plaintiff filed his Complaint (Dkt. 1) in this action. It was signed by attorney Ogunsanya, who had not yet taken any steps to seek admission to this District *pro hac vice*, and who failed to submit a copy of the September 10, 2025 transcript, as required. After eleven unsuccessful attempts, *see* Dkts. 2, 4-13, plaintiff's counsel obtained summonses and effected service of process. *See* Dkts. 18-19. On December 3, 2025, defendants moved to dismiss the Complaint pursuant to

Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing, among other things, that plaintiff's Title VII claims are time-barred. *See* Dkt. 27 at 9-14; Dkt. 31 at 13-16.

On December 26, 2025, plaintiff filed his First Amended Complaint (FAC) (Dkt. 39-1) as of right, pursuant to Fed. R. Civ. P. 15(a)(1)(B), thereby mooting defendants' original motions to dismiss. *See* Dkt. 41. The FAC – also signed by attorney Ogunsanya – asserts claims for religious discrimination and retaliation under Title VII, as well as a hodge-podge of claims under state and local law. *See* FAC at ECF pp. 28-34, ¶¶ 56-108. Like plaintiff's earlier pleadings, the FAC alleges that he "never received" the relevant EEOC right-to-sue letters, and had no "actual or constructive notice of either" until 2025, when they were sent to him by email as the result of a FOIA request. *Id*. at ECF pp. 1-2; *see also* FAC Ex. 1 (Dkt. 40-1) at ECF pp. 1-2 (attesting that he first received the right-to-sue letters on April 23, 2025 (as to Columbia) and May 10, 2025 (as to AUS), by email); FAC Ex. 3 (Dkt. 40-3) (copy of right-to-sue letter as to AUS, dated 10/27/22); FAC Ex. 4 (Dkt. 40-4) (copy of right-to-sue letter as to Columbia, dated 10/31/22). On this basis, plaintiff again seeks equitable tolling of the 90-day limitations period. FAC at ECF pp. 3-4.[1]

On January 16, 2026, defendants moved to dismiss the FAC pursuant to Fed. R. Civ. 12(b)(1) and (b)(6), *see* Dkts 46, 49, arguing, among other things, that plaintiff's Title VII claims are time-barred; that he is not entitled to equitable tolling; and that even if the limitations period were tolled until April 23 or May 10, 2025, his Title VII claims would be untimely, because this action was not filed until September 30, 2025. *See* Dkt. 47 at 10-14 (Columbia); Dkt. 50 at 9-14 (AUS). Columbia further argues, that the filing of plaintiff's ill-fated initial lawsuit in the Eastern District did not suspend or toll the 90-day limitations period as to this action. *See* Dkt. 47 at 11 n.6

[1] Plaintiff does not explain why he previously alleged that he received the second right-to-sue letter on May 20, 2025, *see* EDNY Compl. ¶ 2, rather than May 10, 2025, as he now attests.

(collecting cases). Additionally, Columbia notes that once the Title VII claims are dismissed, this Court may (and in its view should) dismiss plaintiff's state law claims for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). *See id*. at 14 n.1.

On January 23, 2026, plaintiff filed a brief in opposition to the motions to dismiss, arguing – through attorney Ogunsanya – that he complied with the 90-day filing deadline set forth in § 2000e-5(f)(1) by filing his *first* federal action against AUS and Columbia "within 63 days of actual receipt" of the EEOC right-to-sue notices. Dkt. 54-1 at 7-8. The brief does not address the 143-day gap between May 10, 2025 (the date on which plaintiff claims to have received his right-to-sue letter as to AUS) and the filing of *this* action. In their reply briefs, filed on February 4, 2026, defendants again argue that, even if the commencement of the 90-day period were tolled until plaintiff received the right-to-sue letters by email, his Title VII claims would be untimely, because *this* case was filed more than 90 days after plaintiff received those emails. *See* Dkt. 59 at 1-3 (Columbia); Dkt. 61 at 2-3 (AUS).

Defendants are correct that, in a Title VII case, the "timely filing" of a complaint in another court "does not suspend" the 90-day limitations period. *Copeland v. Rosen*, 25 F. App'x 17, 19 (2d Cir. 2001); *see also Joseph v. Cnty. of Westchester DCMH*, 2024 WL 167334, at *3 (S.D.N.Y. Jan. 16, 2024) ("[A] Title VII plaintiff is time-barred from refiling an action following a dismissal without prejudice where the 90-day period to sue has passed."), *motion for relief from judgment denied*, 2024 WL 1118451 (S.D.N.Y. Mar. 13, 2024), *aff'd sub nom.*, *Joseph v. Cnty. of Westchester*, 2025 WL 1088429 (2d Cir. Apr. 11, 2025) (summary order); *Robinson v. Jim*, 2024 WL 4981721, at *4 (W.D.N.Y. Oct. 24, 2024) ("[A] Title VII plaintiff is time-barred from refiling an action following a dismissal without prejudice where the 90-day period to sue required by § 2000e-5(f)(1) has passed."), *adopted,* 2024 WL 4979453 (W.D.N.Y. Dec. 3, 2024).

On February 13, 2026, the Hon. Jennifer H. Reardon, United States District Judge, denied attorney Ogunsanya's motion for admission *pro hac vice*, finding that she committed additional misconduct after she filed this action, and concluding that she is "not competent to practice before this Court." 2/13/26 Order (Dkt. 65) at 7 (quoting *Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 486 (S.D.N.Y. 1996)).[2]

On March 19, 2026, plaintiff filed a Notice of Pro Se Appearance (Dkt. 68), and since then has represented himself. On April 6, 2026, Judge Reardon referred the case to me for general pretrial management and report and recommendation on dispositive motions. Dkt. 70.

On April 13, 2026, plaintiff filed a proposed second amended complaint against AUS and Columbia (Prop. SAC) (Dkt. 71), using the form provided by this District for pro se employment discrimination complaints. On the form, plaintiff checked boxes to indicate that he wished to assert federal claims for discrimination based on race, religion, age, and (possibly) disability, as well as claims under various state and local laws. Prop. SAC at 3-5. However, plaintiff left the "Facts" section of the form entirely blank. *Id*. at 5.

On April 16, 2026, attorney Ogunsanya was suspended from the practice of law in New York. *Matter of Ogunsanya*, 248 A.D.3d 1556, 1557-58, 255 N.Y.S.3d 507 (3d Dep't 2026).[3]

---

[2] Among other things, Ms. Ogunsanya did not move for admission *pro hac vice* until January 12, 2026, despite being ordered to do so no later than January 9, 2026, and then filed two deficient motions (lacking a required certificate of good standing) before managing to place the correct documents on the docket. *See* 2/13/26 Order at 3-4. Although the third motion included the certificate of good standing, it was "rife with typographical errors." *Id.* at 4.

[3] The court noted that Ogunsanya was the subject of "six complaints of professional misconduct," including allegations that she and Sean Mescall – a non-attorney – "engaged in a fraudulent legal practice that operated under multiple names in New York City," and that she failed to respond to the Attorney Grievance Committee's requests for testimony regarding those complaints. *Matter of Ogunsanya*, 248 A.D.2d at 1557-58. It appears that Mescall – by whom Ogunsanya was formerly employed, *see* Dkt. 44 ¶ 4 – was the "fake attorney" whose conduct forms part of the basis for plaintiff's equitable tolling argument. FAC at ECF p. 3.

On April 15, 2026, I explained that under Fed. R. Civ. P. 15(a)(2), "after having amended once as of right, plaintiff may not amend his complaint a second time, except with leave of court or with stipulation of defendants." Dkt. 73 at 1-2. I then asked defendants to advise "whether they consent to the filing of the Second Amended Complaint[.]" *Id.* at 2. Both defendants declined to consent to the filing of a further amended complaint. Dkts. 74, 76.

**<u>Plaintiff's Rule 15(a)(2) Motion</u>**

More than two months later, on June 25, 2026, plaintiff filed a letter-motion seeking leave to "file an amended complaint pursuant to Federal Rule Civil Practice 15(a),(2) to reflect the merits of the case and its ability to withstand the defendants motion to dismiss." Dkt. 78 at 1 (all spelling and punctuation as in the original). Plaintiff states that he wishes to "clarify the factual allegations and legal theories" supporting his Title VII claims, and to add, as defendants, the "individual employees who are discharged with the duties of effectuating the corporations vision, and mission including abiding by all applicable state and federal laws actions resulting in the action before this Court." *Id*. at 1-2.[4]

On July 2, 2026, Columbia filed a letter in opposition to plaintiff's amendment request, arguing that because his Title VII claims are time-barred, "any amendment to add additional details" to those claims "would be futile." Dkt. 79 at 1. It adds that plaintiff's "former attorney's alleged incompetence," even if responsible for his failure to file timely, "is not an 'extraordinary circumstance' that would justify equitable tolling of the strict filing deadline." *Id*.

[4] Although plaintiff did not attach his proposed complaint to his letter, it is clear that the pleading he now contemplates is not the document that he filed on April 13, 2026. Consequently, the proposed SAC at Dkt. 71 is hereby STRICKEN.

**Analysis**

It is hard to imagine that plaintiff could "clarify the factual allegations and legal theories" supporting his Title VII claims in a manner that would overcome the difficulty posed by his failure to file this action within the 90-day period prescribed by 42 U.S.C. § 2000e-5(f)(1). The statute is strictly construed – including as against pro se plaintiffs – and a delay of even a few days is ordinarily fatal to the viability of such a claim.[5]

Moreover, equitable tolling is only appropriate in "rare and exceptional circumstance[s]," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (quotation omitted), in which the plaintiff is "prevented in some extraordinary way from exercising his rights." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (quoting *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985), *cert. denied,* 474 U.S. 851 (1985)). Courts in our Circuit have repeatedly held that incompetence on the part of a plaintiff's former counsel does not meet that standard. *See, e.g.*, *Tsatsani v. Walmart, Inc.*, 2020 WL 6688939, at *15 (S.D.N.Y. Oct. 26, 2020) (allegation that pro se plaintiff's former counsel failed to inform her of filing deadline "fall[s] far short of the 'extraordinary circumstances' necessary to warrant equitable tolling"), *adopted,* 2020 WL 6701019 (S.D.N.Y. Nov. 13, 2020);

[5] *See, e.g.*, *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011) (per curiam) (three days too late); *Ziyan Shi v. New York Dep't of State, Div. of Licensing Servs.*, 393 F. Supp. 3d 329, 342 (S.D.N.Y. 2019) (one day too late); *Legrá v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, 2016 WL 6102369 at *2 (S.D.N.Y. Oct. 19, 2016) (five days too late); *Glover v. Fed'n of Multicultural Programs*, 2015 WL 4600645, at *7 (E.D.N.Y. July 29, 2015) (one day too late); *Lewis v. N.Y.C. Dep't of Educ.,* 2013 WL 5405534, at *5 (S.D.N.Y. Sept. 25, 2013) (three days too late); *Adams-Shango v. New York City Dep't of Educ.*, 2012 WL 3834668, at *4-5 (S.D.N.Y. Aug. 22, 2012) (five days too late); *Allah-El*, 577 F. Supp. 2d at 665 (S.D.N.Y. 2008) (seven days too late); *Toolan v. Bd. of Educ. of City of New York,* 2003 WL 22015437, at *2 (S.D.N.Y. Aug. 25, 2003) ("Although she was only one day late, she was still late[.]"). As Judge Sullivan noted in *Adams-Shango*, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." 2012 WL 3834668, at *3 (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

*James v. N.Y. City Police Dep't*, 2019 WL 3451152, at *3 (E.D.N.Y. Mar. 4, 2019) ("[A]ttorney neglect is, unfortunately, too common of an occurrence to toll the statute of limitations.") (collecting cases); *but see Reeves v. City of Yonkers*, 2017 WL 2275025, at *4-6 (S.D.N.Y. May 24, 2017) (applying equitable tolling to excuse plaintiff's five-day delay in filing her Title VII claims due to the "egregious behavior" of her former counsel, who "effectively abandoned his client" despite her frequent attempts to focus him on her case) (internal citations omitted).[6]

Nor could plaintiff save his Title VII claims by "adding the defendants employees responsible for the action." Dkt. 78 at 2. Timeliness aside, any effort to plead Title VII claims against individual AUS or Columbia employees would be futile because "individual defendants may not be held personally liable" under Title VII. *Legrá*, 2016 WL 6102369, at *2; *see also Iwelu v. New York State Off. of Mental Health*, 2024 WL 2175938, at *2 n.5 (2d Cir. May 15, 2024) (summary order) ("[T]here is no individual liability" under Title VII.); *Clarke v. Flushing Manor Care Ctr.*, 2003 WL 1338663, at *2 (S.D.N.Y. Mar. 18, 2003) ("Title VII does not allow for personal liability, even as to supervisors[.]").

Defendants are also correct that if plaintiff's federal claims are dismissed, there will be no reason for this Court to retain supplemental jurisdiction over any state law claims. *See* 28 U.S.C.

---

[6] Any alternative theory of liability under Title VII (for example, race discrimination) or comparable federal civil rights statutes (for example, the ADA or the ADEA) would be equally vulnerable to a limitations challenge. In addition, such a claim would be subject to dismissal on the ground that it was unexhausted, as plaintiff alleged only religious discrimination in his EEOC charge. *See Karupaiyan v. Experis US Inc.*, 2025 WL 615179, at *2 (2d Cir. Feb. 26, 2025) (summary order) (upholding denial of claim for employment discrimination under the Genetic Information Nondiscrimination Act because, when plaintiff filed his EEOC charge, he complained of discrimination based on race, color, sex, national origin, religion, age, and disability, but "did not mention discrimination based on genetic information"); *Shine v. City of New York*, 2021 WL 861061, at *1 (S.D.N.Y. Mar. 8, 2021) (dismissing claims for employment discrimination where plaintiff's administrative charge was "insufficiently specific or related to her current claims for the Court to conclude that she has exhausted her administrative remedies").

§ 1367(c)(3) (Once the court "has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction over a claim under subsection (a)[.]"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")

That said, our Circuit has repeatedly emphasized that "leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Matima v. Celli,* 228 F.3d 68, 81 (2d Cir. 2000)); *see also Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) ("A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (cleaned up). In this case, plaintiff has already amended once, in response to defendants' initial motions to dismiss. Nonetheless, given the unusual circumstances outlined above – including Judge Reardon's finding that attorney Ogunsanya was "not competent to practice before this Court," 2/13/26 Order at 7 – I will exercise my discretion to give plaintiff one more opportunity to state a valid federal claim. *See, e.g.*, *Islam v. Steiner*, 822 F. Supp. 3d 407, 423 (S.D.N.Y. 2026) (giving a pro se plaintiff another chance to plead around a seemingly fatal limitations bar "because I cannot rule out the possibility (however remote)" that he could succeed).[7]

[7] For avoidance of doubt: I am not suggesting that counsel's incompetence, standing alone, could support a successful equitable tolling argument. Rather, the fact that the Complaint and the FAC were authored by incompetent counsel militates in favor of providing the plaintiff with an opportunity to submit a pleading of his own, in which he presents all of the facts that he believes to be necessary to support his claims. *See generally Dunham v. City of New York*, 295 F. Supp. 3d

**Conclusion**

For these reasons, plaintiff's motion for leave to further amend his pleading (Dkt. 78) is GRANTED to the extent set forth herein.

Plaintiff must file his Second Amended Complaint (properly labeled as such) no later than **July 27, 2026.** Plaintiff may, if he wishes, use the form provided by this District for pro se employment discrimination complaints, available at https://nysd.uscourts.gov/forms/complaint-employment-discrimination. However, it is not sufficient to simply check off the boxes corresponding to the claims plaintiff wishes to pursue. The Second Amended Complaint must set forth *all of the facts on which those claims are based*. Moreover, because the Second Amended Complaint will completely replace (not supplement) plaintiff's previous pleadings, the necessary facts must be included in (or attached to) the Second Amended Complaint itself.

If plaintiff timely files a Second Amended Complaint, defendants' pending motions to dismiss the FAC will be denied as moot, without prejudice to renewal in response to the amended pleading. However, if plaintiff fails to timely file a Second Amended Complaint, the Court may conclude that he has waived his right to do so, treat the FAC as the operative complaint, and proceed to adjudicate the pending motions.

Dated: New York, New York
July 6, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**

319, 328 (S.D.N.Y. 2018) (accepting long-overdue motion to amend from pro se plaintiff, in part because plaintiff's former attorney was suspended from the practice of law, but finding that a number of claims in plaintiff's proposed Third Amended Complaint were not cognizable).